IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17CR3070 |
| vs. | |
| JAIME RAMOS, | ORDER |
| Defendant. | |

    This matter is before the Court on the defendant's pro se motion for compassionate release. (Filing No. 55). 18 U.S.C. § 3582(c)(1)(A)(i) authorizes federal prisoners to move the Court to "reduce [their] term of imprisonment" for "extraordinary and compelling reasons." *Id.* But a prisoner can only file such a motion after they "ha[ve] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [their] behalf or the lapse of 30 days from the receipt of such a request by the warden of [their] facility, whichever is earlier[.]" *Id.; see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

    Here, the defendant acknowledges the exhaustion requirement in his motion, but he says nothing about whether he has taken any steps to exhaust his administrative remedies or otherwise comply with § 3582(c)(1)(A)(i). The defendant's failure to show he has complied with § 3582(c)(1)(A)(i)'s statutory prerequisites to judicial review "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597. Accordingly, the defendant's motion for compassionate release is denied without prejudice to refiling when he can show he has met either statutory requirement.

IT IS SO ORDERED.

Dated this 26th day of September, 2024.

BY THE COURT:

/s/ Susan M. Bazis
Susan M. Bazis
United States District Judge