IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17CR3070 |
| vs. | |
| JAIME RAMOS, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's second renewed motion for compassionate release. (Filing No. 64). The Court has denied the defendant's previous motions without prejudice because of his "fail[ure] to show that he ha[s] met the statutory administrative exhaustion requirement for motions like this." (Filing No. 59); *see* Filing No. 57; Filing No. 61; Filing No. 63. A prisoner can only ask a court to reduce their sentence after they "ha[ve] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [their] behalf or the lapse of 30 days from the receipt of such a request by the warden of [their] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i).

In this latest motion, the defendant reasserts his argument that administrative remedies are exhausted once thirty days have passed from the warden's receipt of a request—no matter the "[w]arden's answer, or if there is any answer at all." (Filing No. 64 at 4). But the Court has already ruled that the defendant's reading of the statute is incorrect. "[A] petition for compassionate release may be submitted to the sentencing judge if 30 days have elapsed after a warden's receipt of a defendant's request, *and* the warden failed to respond; *but* if the warden denied the request within 30 days of receipt, the defendant must exhaust administrative remedies within the Bureau of Prisons." (Filing No. 63 at 2) (quoting *United States v. Peuser*, 2020 WL 2732088, at *1 (D. Neb.

May 26, 2020)) (emphasis in original); *see United States v. Arthaloney,* 2020 WL 2571171, at *1 (D. Neb. May 21, 2020).[1] Because the warden timely denied (Filing No. 60 at 15) the defendant's request here, the Court has twice found that the defendant needs to "exhaust by appealing the Warden's decision" pursuant to the BOP's administrative remedy program. *United States v. Smith,* 2020 WL 2063417 (N.D. Ohio Apr. 29, 2020); (Filing No. 61; Filing No. 63).

The defendant's legal argument remains unpersuasive for the reasons previously explained. (Filing No. 63 at 2). And while the defendant suggests that he "has now filed all of the additional remedies required"—meaning, perhaps, an appeal of the warden's denial of his request—he did not provide any documentation substantiating that suggestion *and* showing that this route has been fully exhausted.[2] (Filing No. 64 at 4). Thus, the defendant still has not shown that he has exhausted his administrative remedies within the Bureau of Prisons. Until he does so, the Court cannot "entertain his request for compassionate release[.]" *Peuser,* 2020 WL 2732088, at *2. Accordingly,

**IT IS ORDERED:**

1. The defendant's second renewed motion for compassionate release (Filing No. 64) is denied without prejudice to resubmission following exhaustion of administrative remedies.

Dated this 4th day of February, 2025.

BY THE COURT:

_Susan M. Bazis_
Susan M. Bazis
United States District Judge

---

[1] Some courts have recognized that the "exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) *can* be interpreted" as the defendant reads it. *Peuser,* 2020 WL 2732088, at *1 (emphasis added) (collecting cases). But this Court has previously ruled that the contrary reading advanced by "[m]ost courts" is the correct one. *Id.*

[2] In an "addendum" to his second renewed motion, the defendant acknowledges the authority cited by the Court above and states that he is "in the process" of exhausting the BOP's administrative remedy program. (Filing No. 65 at 2). That appeal, once exhausted, will either resolve the defendant's request or vest this Court with jurisdiction over a motion for compassionate release.