IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:17CR3070** |
| vs. | |
| JAIME RAMOS, | **ORDER** |
| Defendant. | |

This matter is before the Court on Jaime Ramos' motion for motion for a sentence reduction (Filing No. 86) pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute authorizes Ramos to move for a reduction after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the [his] facility." *Id.*

Through counsel, Ramos states he "has exhausted administrative remedies" because "more than 30 days have lapsed since his making of a request from the Warden of the institution in which he is confined." (Filing No. 86 at 1). He alleges that "extraordinary and compelling reasons warrant reduction of Mr. Ramos's sentence" because his "son is suffering a serious health condition which remains perilous subsequent to a kidney transplant." (Filing No. 86 at 1). Ramos is "projected to be released to a halfway house April 24, 2026." (Filing No. 86 at 2).

On initial review, the Court finds Ramos has potentially presented a colorable ground for relief under § 3582(c)(1)(A)(i). To facilitate the Court's review of Ramos' request,

**IT IS ORDERED:**

1. The United States Probation and Pretrial Services Office is directed to investigate Ramos' request and promptly file under seal a report on that investigation.

2. The probation office is authorized to disclose Presentence Investigation Reports to Ramos' counsel and the United States Attorney for the purpose of evaluating the motion. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

3. The government and Ramos' counsel shall each file within ten days of the probation office filing its investigation report a brief addressing Ramos' request for sentencing relief and provide any evidence necessary to the Court's disposition of his motion. In particular, the parties should address whether Ramos' reported administrative efforts under the Prison Litigation Reform Act meet § 3582(c)'s statutory requirements.

4. Absent an extension, the motion shall be deemed fully briefed and submitted as of that date.

Dated this 13th day of March, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

2