IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:17CR3070** |
| vs. | |
| JAIME RAMOS, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on Defendant Jaime Ramos' Motion for Compassionate Release. (Filing No. 86). The Court directed the United States Probation and Pretrial Services Office to investigate Mr. Ramos' request and file a report (Filing No. 91), and the U.S. Probation and Pretrial Services Officer did so under seal. (Filing No. 92). Both the government (Filing No. 93) and Mr. Ramos (Filing No. 94) filed briefs responding to the report. For the reasons stated below, Mr. Ramos' motion will be denied.

Mr. Ramos seeks a sentence reduction to care for his son, who received a kidney transplant in October 2025. (Filing No. 89-1 at 1). Specifically, Mr. Ramos is concerned that he may be "unable to be present" if his "son became placed in intensive care[.]" (Filing No. 86 at 1-2).

"Federal courts have limited authority to reduce a sentence once it is imposed." *United States v. Rodriguez-Mendez*, 168 F.4th 1123, 1124 (8th Cir. 2026). Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a defendant may (after exhausting their administrative remedies)[1] move for reduction of her term of imprisonment based upon

---

[1] Here, the government does not appear to contest that Mr. Ramos has exhausted his administrative remedies. (Filing No. 93). The Court will therefore proceed to the merits of Mr. Ramos' motion.

"extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Congress has expressly authorized the Commission, in promulgating "general policy statements regarding . . . section 3582(c)(1)(A), [to] describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Rodriguez-Mendez*, 168 F.4th at 1124 (quoting 28 U.S.C. § 994(t)). The relevant policy statement is USSG § 1B1.13. *Id.*

Mr. Ramos points to two provisions within § 1B1.13 that he says warrant a sentence reduction. He first notes that "family circumstances of the defendant, including circumstances designed to prevent hardship suffered by minor children, can constitute extraordinary and compelling reasons." (Filing No. 87 at 1); *see* § 1B1.13(b)(3)(A) (providing that "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition" can be an extraordinary and compelling reason). And because § 1B1.13(b)(5) provides that an extraordinary and compelling reason can exist if a defendant "presents any other circumstance or combination of circumstances that . . . are similar in gravity to those described" in the enumerated examples like § 1B1.13(b)(3)(A), his argument runs, his son "suffering [from] a serious and potentially perilous health condition as he hopes to recover from a kidney transplant" warrants a sentence reduction. (Filing No. 87 at 1).

The Court is sympathetic to Mr. Ramos' concerns about his son's condition. But the Court concludes that Mr. Ramos has not shown an extraordinary or compelling reason for release. Noting his son has experienced complications following the kidney transplant surgery, Mr. Ramos fears his son's "condition may take a turn for the worse and [he] may not be there at a critical time." (Filing No. 89-1 at 3). But that is too speculative, in this Court's view, to constitute an extraordinary and compelling reason warranting a sentence reduction. There is no evidence suggesting Mr. Ramos' son's condition may or will worsen imminently. In fact, the medical records Mr. Ramos provided indicate his son "report[ed] that overall he has been doing well since his last visit." (Filing No. 89-2 at 3). As things stand, Mr. Ramos' son's condition does not constitute an extraordinary or compelling reason to reduce his sentence.

2

Further, the Court is concerned Mr. Ramos has not demonstrated suitability to become a caregiver to his son. *See, e.g., United States v. Paul*, 2020 WL 5807343, at *1 (S.D.W. Va. Sept. 25, 2020) (holding that demonstration of a defendant's suitability as a caregiver is "implicitly required" by the "extraordinary and compelling standard."). Mr. Ramos' son lives with his mother in Kearney, Nebraska, and his mother has been his sole caregiver. (Filing No. 89-1 at 1). As the government notes, it does not appear Mr. Ramos has served as a caregiver to his son in the past. (Filing No. 93 at 3). There is no evidence before this Court indicating his mother is not—or is incapable of—properly caring for him. Further, Mr. Ramos began serving his sentence in October 2018, when his son was nine years old. (Filing No. 89-1 at 1). While Mr. Ramos says he has "corresponded with [his] son by mail regularly throughout the period of [his] incarceration," there is no evidence quantifying how regular that correspondence has been. (Filing No. 89-1 at 1). Likewise, the extent to which his son's mother wants Mr. Ramos to be involved as a caregiver is unknown.

Given those uncertainties, the Court agrees with the U.S. Probation and Pretrial Services Officer that release to a residential reentry center—where Mr. Ramos will have the benefits of being closer to his son and receiving transitional services following a prolonged term of incarceration—is warranted rather than immediate release from custody, particularly when Mr. Ramos has not shown an extraordinary or compelling reason justifying a sentence reduction. Accordingly,

**IT IS ORDERED:**

1.  Defendant Jaime Ramos' Motion for Compassionate Release (Filing No. 86) is denied.

Dated this 16th day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

3